Louise COLE and Jack Katona t/d/b/a Knotty Pine Trailer Court, Appellees,

v.

James J. CZEGAN, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 2, 1998.

Filed Oct. 14, 1998.

Reargument Denied Dec. 16, 1998.

James J. Czegan, appellant, pro se.

William J. Wiker, Greensburg, for appellees.

Before CAVANAUGH, POPOVICH and MUSMANNO, JJ.

POPOVICH, J.:

This is a *pro se* appeal from the judgment entered in the Court of Common Pleas of Allegheny County on June 25, 1997, in favor of appellees. Appellees filed this ejectment action following appellant's refusal to vacate a lot in appellees' mobile home park after expiration of appellant's month-to-month lease. Upon review, we affirm.

■ We are mindful that appellant is proceeding *pro se*. However, appellant has a *duty* to file a comprehensible brief and to raise and develop properly his appellate issues. As we previously stated in *O'Neill v. Checker Motors Corp.*, 389 Pa.Super. 430, 434, 567 A.2d 680, 682 (1989) (citations omitted):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training. As our Supreme Court has explained, "any layperson choos-

ing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

Appellant has proceeded *pro se* throughout the litigation of this matter. His lack of legal expertise and training is evident by, *inter alia*, his filing of an appellate brief which is so deficient that our review of this case is severely hampered. His brief violates numerous requirements as set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure, fails to set forth clearly those issues which he wishes considered, contains a rambling, often incomprehensible, argument which includes only extremely limited citation to statutory authority and no citation of case law. Consequently, we could quash this appeal, pursuant to Pa.R.A.P. 2101 (appeal may be quashed or dismissed where defects in appellant's brief are substantial). *See Laird v. Ely & Bernard*, 365 Pa.Super. 95, 528 A.2d 1379 (1987) (where defects in appellant's *pro se* brief are so substantial that meaningful review is not possible, Superior Court will quash the appeal), *appeal denied sub nom., Laird v. Moran*, 520 Pa. 576, 549 A.2d 136 (1988); *Sudduth v. Com.*, 135 Pa. Cmwlth. 392, 580 A.2d 929 (1990) (*pro se* brief which contained numerous substantial defects impaired court's ability to provide meaningful appellate review and was not considered on its merits); *see also Commonwealth v. Russell*, 445 Pa.Super. 510, 665 A.2d 1239 (1995) (Superior Court would not review defendant's argument which contained no discussion of or citation to relevant authority); *Estate of Lakatosh*, 441 Pa.Super. 133, 656 A.2d 1378 (1995) (inclusion of only general statements, unsupported by citation of authority, in argument section of appellate brief precluded review of the merits of the issues).

However, despite the numerous defects in appellant's *pro se* brief, we will address appellant's claims which have been clearly raised and addressed by both the lower court and appellee. *See Savoy v. Savoy*, 433 Pa.Super. 549, 641 A.2d 596 (1996) (where argument section of appellate brief suggested issues that Superior Court was being asked to consider, defects in brief did not substan-

tially handicap court's review and court addressed merits of appeal). Our review of appellant's brief and the record reveals the following issues for our review: 1) Was appellant properly ejected from Lot # 11 of Knotty Pine Trailer Court pursuant to the Landlord and Tenant Act, 68 P.S. § 250.501 (as amended December 20, 1990); 2) Did the Landlord and Tenant Act, 68 P.S. § 250.501 (as amended July 2, 1996, effective in 60 days), retroactively apply to this case and preclude appellant's ejectment; and 3) Did appellees' ejectment action amount to a retaliatory eviction in violation of the Mobile Home Park Rights Act, 68 P.S. § 398.16?[1]

Appellees are the owners and operators of Knotty Pine Trailer Court. Appellant resided upon Lot # 11 in the mobile home park. On or about October 20, 1995, appellees notified appellant in writing that they did not intend to renew appellant's month-to-month lease of Lot # 11, and they directed appellant to vacate the premises on or before December 1, 1995.

Appellees filed their claim for possession of the premises before the district magistrate and were awarded possession on December 22, 1995. Appellant then filed his summary appeal, and appellees filed their complaint in ejectment on February 6, 1996. Subsequently, a board of arbitrators rendered a verdict in favor of appellees, and appellant sought a trial *de novo.* On January 21, 1997, a jury trial was held, and the jury granted appellees' claim for possession of the property and denied appellant's counterclaim. This appeal followed.

The present case turns upon the question of which version of § 250.501 of the Landlord and Tenant Act applies to this case. At the time appellees filed their complaint in ejectment on February 6, 1996, 68 P.S. § 250.501 read, in pertinent part, as follows:

A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) Upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

68 P.S. § 250.501 (as amended December 20, 1990, P.L. 1465, No. 221, § 1, effective in 60 days).[2]

The foregoing language from the Landlord and Tenant Act, when interpreted in conjunction with the provisions governing *eviction* from the Mobile Home Park Rights Act, was previously found to permit ejectment of a mobile home park tenant *once the lease has expired.* *Childs Instant Homes, Inc. v. Miller,* 416 Pa.Super. 602, 606–07, 611 A.2d 1208, 1210 (1992), *appeal denied,* 533 Pa. 605, 618 A.2d 397 (1992); *Lincoln Warehouses, Inc. v. Crompton,* 441 Pa.Super. 419, 420–22, 657 A.2d 994, 995 (1995), *appeal denied,* 542 Pa. 671, 668 A.2d 1134 (1995). It is the distinction between eviction and ejectment which is dispositive in the present action. *Compare Lincoln Warehouses,* 441 Pa.Super. at 420–22, 657 A.2d at 995.

1. Appellant also asserts a plethora of additional issues in cursory form, including: opposing counsel improperly tainted the jury, appellees violated numerous rules and regulations of the mobile home park, the present ejectment action was not served in accordance with the Mobile Home Park Rights Acts, appellees illegally prevented appellant from selling his mobile home to his mother, and appellant's due process rights were violated by the lower court's failure to provide him with a copy of the trial transcript. Appellant does not present any argument relating to these issues within his brief. Accordingly, we find they are waived. *Laird, supra ; Bunt v. Pension Mortg. Assocs., Inc.,* 446 Pa.Super. 359, 666 A.2d 1091 (1995) (arguments that are not appropriately developed on appeal are waived).

2. On July 6, 1995, 68 P.S. § 250.501 was again amended. The language set forth above is identical to paragraph (a) of the amended statute. However, we have not applied the 1995 amendments to the statute in this case because the 1995 amendments were suspended at the time when appellees filed their ejectment action. Specifically, Act 1995, July 6, P.L. 261, No. 36, was suspended for a period of 120 days by order of the Supreme Court dated September 1, 1995, for a period of 60 days by order of the Supreme Court dated December 30, 1995, and for a period of 30 days by order of the Supreme Court dated February 28, 1996. However, this does not affect our analysis since the pertinent language of the statute remained unchanged by the 1995 amendments.

Presently, appellant's oral month-to-month lease expired on November 1, 1995, when appellees chose not to renew appellant's lease. Thus, appellant was not *evicted* in violation of the Mobile Home Park Rights Act because he had no lease to Lot # 11 of Knotty Pine Trailer Court. Rather, we find that appellees were well within their rights to *eject* appellant on December 1, 1995, since the lease had expired and sufficient notice was given. 68 P.S. § 250.501(as amended December 20, 1990). *See e.g. Lincoln Warehouses*, 441 Pa.Super. at 422–24, 657 A.2d at 996 ("[Tenant's] lease, in the instant case, had expired. [Landlord] was not evicting the resident, which would require the protection provided by the [Mobile Home Park Rights] Act, but was ejecting the resident because a lease no longer existed. Therefore, the Landlord's rights of possession in the instant case was (sic) covered by the Landlord [and] Tenant Act, and [Landlord] ... is entitled to recover possession of said premises. Because there was no lease, [Landlord] in this present action is not bound by the MHPRA, and the verdict entered in favor of [Tenant] is not proper and must be reversed.").

Appellant nevertheless argues that the present action is governed by those amendments to the Landlord and Tenant Act which our Legislature apparently enacted in response to *Childs Instant Homes, supra*, and *Lincoln Warehouses, supra*.[3] Specifically, 68 P.S. § 250.501 was amended to read, in pertinent part, as follows:

(a) A landlord desirous of repossessing real property from a tenant *except real property which is a mobile home space as defined in the act of November 24, 1976 (P.L. 1176, No. 261), known as the "Mobile Home Park Rights Act,"* may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) Upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

\*　　\*　　\*

*(c.1) The owner of a mobile home park shall not be entitled to recovery of the mobile home space upon the termination of a lease with a resident regardless of the term of the lease if the resident:*

*(1) is complying with the rules of the mobile home park; and*

*(2) is paying the rent due; and*

*(3) desires to continue living in the mobile home park.*

*(c.2) The only basis for the recovery of a mobile home space by an owner of a mobile home park shall be:*

*(1) When a resident is legally evicted as provided under section 3 of the "Mobile Home Park Rights Act."*

*(2) When the owner and resident mutually agree in writing to the termination of a lease.*

*(3) At the expiration of a lease, if the resident determines that he no longer desires to reside in the park and so notifies the owner in writing.*

68 P.S. § 250.501 (As amended July 2, 1996, P.L. 474, No. 74, § 2, effective in 60 days) (emphasis added).

Clearly, the 1996 amendments to the Landlord and Tenant Act eliminate the problems faced by both appellant and the tenant in *Lincoln Warehouses, supra.* Simply put, a tenant can no longer be ejected from his lot in a mobile home park simply because his lease has expired. 68 P.S. § 250.501(c.1).[4]

---

**3.** In his concurring opinion in *Lincoln Warehouses*, 441 Pa.Super. at 422–24, 657 A.2d at 996, Judge Brosky, after reviewing the legislative history of the Mobile Home Park Rights Act, noted that the Legislature may have intended "to allow a tenant to stay in a mobile home park indefinitely as long as the tenant paid his rent and assessments and abided by the rules and as long as the park was in the business of being a mobile home park." *Id.* Judge Brosky then noted a different outcome was actually reached in *Lincoln Ware-*

*houses, supra,* and suggested that "[he trusted] that in wake of our decision today [the Legislature] will take appropriate steps to amend the act to clearly enunciate that intent." *Id.*

**4.** The lower court concluded that "none of the four permitted reasons for eviction [under the provisions of the Mobile Home Park Rights Act] are present." Trial Court Opinion, p. 4. *See* 68 P.S. § 398.3.

Unfortunately for appellant, the amendments to § 250.501 did not take effect until August 31, 1996 (60 days after July 2, 1996), over six months after appellees filed their complaint in ejectment in the Court of Common Pleas of Allegheny County. Thus, we must determine whether the 1996 amendments to 68 P.S. § 250.501 should be given retroactive effect.

"No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa. C.S.A. § 1926. In *McMahon v. McMahon*, 417 Pa.Super. 592, 600–01, 612 A.2d 1360, 1364 (1992), this Court stated:

> While there is a presumption against the retroactive application of statutes affecting substantive rights, a law is only retroactive in its application when it relates back and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired. 1 Pa.C.S. § 1926 (Purdon Supp[.] 1991); *R & P Services v. Commonwealth Department of Revenue*, 116 Pa.Commw. 230, 541 A.2d 432 (1988). Substantive rights are those affected when the application of the statute imposes new legal burdens on past transactions or occurrences. *DeMatteis v. DeMatteis*, 399 Pa.Super. 421, 582 A.2d 666 (1990); *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corporation*, 54 Pa.Commw. 376, 421 A.2d 521 (1980). However, where no substantive right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date. *Brangs v. Brangs*, 407 Pa.Super. 43, 595 A.2d 115 (1991). *Creighan v. Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957).

■ Presently, we conclude that retroactive application of the law would affect the substantive rights of appellees since retroactive application of the 1996 amendments to the Landlord and Tenant Act would eliminate appellees' right to eject appellant from the subject premises unless the new criteria set forth in § 250.501(c.1) and (c.2) are met. Further, we conclude that the 1996 amendments to the Landlord and Tenant Act should only be applied prospectively since the Legislature did not include in the amendments any language clearly articulating its intent that they are to be applied retroactively. *DeMatteis, supra* (amendatory statutes are not to be given retroactive application unless such a construction is so clear as to preclude all question as to the intent of the legislature, especially where such amendments interferes with existing contractual obligations or substantive rights); *Keystone Coal Min. Corp. v. W.C.A.B*, 673 A.2d 418 (Pa.Cmwlth.1996) (under provisions of Statutory Construction Act, statute must be given prospective effect only, unless statute includes clear language to the contrary).

Having determined that the 1996 amendments to the Landlord and Tenant Act are not applicable to the present action and that appellant was properly *ejected* from Lot # 11 of Knotty Pine Trailer Court in accordance with 68 P.S. § 250.501, as it existed on the date of filing of this action, we turn to appellant's claim that appellees' recovery of the real property was precluded by the Mobile Home Park Rights Act, 68 P.S. § 398.16 (Retaliatory evictions), which provides:

> Any action by a mobile home park owner or operator to recover possession of real property from a mobile home park resident or to change the lease within six months of a resident's assertion of his rights under this act or any other legal right shall raise a presumption that such action constitutes a retaliatory and unlawful eviction by the owner or operator and is in violation of this act. Such a presumption may be rebutted by competent evidence presented in any appropriate court of initial jurisdiction within the Commonwealth.

■ Upon review, we find that this argument must also fail because of the distinction between the present *ejectment* action under the Landlord and Tenant Act and an *eviction* action under the Mobile Home Park Rights Act. In the present *ejectment* action, appellant cannot argue as a defense or counterclaim that this action is a retaliatory eviction since the provisions of the Mobile Home Park Rights Act do not apply *after* the lease

term has expired. As stated in *Lincoln Warehouses*, 441 Pa.Super. at 422–24, 657 A.2d at 996, "[w]hile we agree that the [Mobile Home Park Rights Act] was designed to provide protection to mobile home owners in order to prevent arbitrary evictions at substantial expense to park residents, we note that this only pertains to situations arising during the lease." Further, we stated: "Because there was no lease, [Landlord] in the present action is not bound by the [Mobile Home Park Rights Act.]" *Id.* Since appellant no longer held a valid lease at the time appellees initiated this ejectment action under the Landlord and Tenant Act, we find that the provisions of the Mobile Home Park Rights Act are not applicable. Therefore, even if appellant had established a retaliatory eviction occurred in the present case in violation of the Mobile Home Park Rights Act, it would in no way effect appellees' right to possession under the provisions of the Landlord and Tenant Act. *See Lincoln Warehouses, supra.*

■ Further, even if appellant is correct that 68 P.S. § 398.16 applies presently, this legal suit by appellees clearly is not a retaliatory eviction. Appellant specifically complains that this action is retaliatory because it was filed after appellees previously sought to evict Camille Sholock, appellant's fiancé, from Lot # 20 of Knotty Pine Trailer Court. 68 P.S. § 398.16 expressly provides that an action to recover real property from a mobile home park resident is presumptively retaliatory when it is filed within six months of that resident's assertions of his legal rights. Appellant had no legal rights related to Lot # 20, given his admission that he did not reside at Lot # 20, but actually resided upon Lot # 11. Thus, the present action does not fall within the definition of a retaliatory action since it is not an action against *appellant* within six months after appellant's assertion of *his* legal rights.

Moreover, in the present case, the question of whether appellees' actions amounted to a retaliatory eviction was presented to the jury which rejected both appellant's defense of retaliatory eviction and his counterclaim. Even if appellant was correct that appellees *presumptively* violated 68 P.S. § 398.16, he

is not automatically entitled to judgment in his favor, since the statute expressly permits the landowner to rebut the presumption by presenting competent evidence. As stated by the lower court, "[t]here is substantial evidence in the record to support the jury's decision [that the action was not retaliatory]." Trial Court Opinion, p.8. Accordingly, we will not disturb the factfinder's determination. *Berger v. Rinaldi*, 438 Pa.Super. 78, 80–82, 651 A.2d 553, 554 (1994) (where judgment is supported by competent evidence, we will not disturb the judgment absent an abuse of discretion or error of law).

In sum, we affirm the judgment in favor of appellees. Appellant was properly ejected from Lot # 11 of Knotty Pines Trailer Court in accordance with the provisions of the Landlord and Tenant Act, 68 P.S. § 250.501, as it existed at the time this suit was filed.

Judgment affirmed.