J-A13010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL K. MADIGAN, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMANDA N. VEREB, | |
| Appellee | No. 848 WDA 2014 |

Appeal from the Order April 25, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 708 of 2014

BEFORE:  PANELLA, J., SHOGAN, J., and OTT, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED MAY 20, 2015**

On June 17, 2014, the trial court ordered Madigan to file a Rule 1925(b) statement.  The Rule 236 notice appended to the order provides that the lower court prothonotary sent a copy of the order to Appellant by mail on June 18, 2014.  The order stated that Madigan "shall file of record in this [c]ourt and serve on the undersigned" the Rule 1925(b) statement "within twenty-one (21) days from the date of this Order, pursuant to Rule 1925(b) of the Rules of Appellate Procedure[.]"  Order, filed 6/17/14.  **See also** Pa.R.A.P. 1925(b)(2).  Thirty-five days later, on July 23, 2014, the trial court entered an order noting that Madigan had not complied with the June 17 order.

A review of the docket entries and certified record discloses that Madigan never complied with Rule 1925(b).  He never filed a concise

statement of matters complained of on appeal. Accordingly, we are constrained to find the issues raised on appeal waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").[1]

We recently reiterated the "automatic nature" of the waiver of issues for failure to comply with Rule 1925(b) and that "we are required to address the issue once it comes to our attention." *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). In *Presque Isle Downs*, the *en banc* panel examined Pennsylvania Supreme Court cases construing Rule 1925(b) and noted that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant" to that rule. *Id*. (citation omitted).

In any event, we note that even if we had not found waiver, we would have affirmed the trial court's order.

Order affirmed.

---

[1] Madigan is not entitled to any particular advantages based on his lack of legal training. *See Cole v. Czegan*, 722 A.2d 686, 687 (Pa. Super. 1998). Indeed, our Supreme Court has warned that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Vann v. Commonwealth Unemployment Compensation Bd. of Review*, 494 A.2d 1081, 1086 (Pa. 1985) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015