J-S62002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| WINFIELD ELLIOTT | : : | |
| Appellant | : : | No. 1237 EDA 2018 |

Appeal from the Judgment Entered April 2, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2014-000201

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 02, 2018**

Winfield Elliott appeals, *pro se*, from the judgment, entered in the Court of Common Pleas of Delaware County, in favor of Appellee Federal National Mortgage Association ("FNMA").   Because Elliott's brief is substantially deficient, we quash this appeal.

The trial court summarized the procedural history of this case as follows:

The Federal National Mortgage Association initiated the instant mortgage foreclosure action on January 9, 2014, with the filling of a complaint.  [Elliott] filed his response on February 21, 2014.

. . .

A trial was held on June 22, 2017 and, subsequently, the July 6, 2017 [a]mended [d]ecision, with attached [f]indings of [f]act and [c]onclusions of [l]aw, was issued in favor of [FNMA]. . . . [Elliott] filed a post-trial motion on June 30, 2017, arguing that the [d]ecision was improper because:  (1) the [trial c]ourt did not apply the UCC as presiding law; (2) the [trial c]ourt enforced time bars unilaterally; (3) the contract creating the mortgage was

rendered null and void by the original holder, Bank of America, by the original holder's failure to supply requested information under the UCC; and (4) the lack of the Judge's signature on the [d]ecision meant that no decision had been entered, and thus[,] must be reversed in favor of [Elliott] prejudice. The original [d]ecision was vacated and amended to include the Judge's signature, and [Elliott's] [p]ost [t]rial [m]otion was denied by [o]rder dated November 9, 2017[.] [Elliott] filed a notice of appeal on December 12, 2017.

. . .

[Elliott] filed a timely [Pa.R.A.P.] Concise Statement of [Errors] Complained of on Appeal on January 2, 2018. The Superior Court entered an [o]rder requiring [Elliott] to enter judgment on the decision of the trial court within ten [] days pursuant to Pa.R.A.P. 301. [Elliott] failed to do so, and the appeal was quashed by the Superior Court on March 19, 2018. [Elliott] filed a [p]raecipe to [e]nter in [r]em [j]udgment on April 2, 2018. [Elliott] filed the instant appeal as a [r]esponse to the [e]ntry of [j]udgment on April 2, 2018.[]

Trial Court Opinion, 6/20/18, 1-2.

On appeal, Elliot apparently raises several of the same issues raised in his June 30, 2017, post-trial motion. However, his *pro se* brief is fatally deficient.

Pennsylvania Rule of Appellate Procedure 2101 requires briefs and reproduced records to conform in all material respects with the rules of appellate procedure. If the failure to conform to the rules is substantial, we may quash or dismiss the appeal. *See Cole v. Czegan*, 722 A.2d 686 (Pa. Super. 1998) (where defects in *pro se* brief are so substantial that meaningful review is not possible, Superior Court will quash the appeal); *See Triffin v. Janssen*, 626 A.2d 571, 573 (Pa. Super. 1993) ("[W]hile this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, appellant's *pro se*

status does not entitle him to any particular advantage for lack of legal training."). Generally, an appellant's brief shall consist of the following matters, separately and distinctly entitled in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a)(1)-(12).

Here, Elliott's *pro se* brief includes only a table of authorities, a statement of jurisdiction, a hybrid section entitled "Statement of the Scope,

Review Standards and Case," and a conclusion. Brief of Appellant, at 2. The content of these three sections is largely unintelligible, and thus, Elliott's brief precludes this Court from conducting a meaningful review of his issues. ***Triffin***, ***supra***; ***See Smathers v. Smathers***, 670 A.2d 1159 (Pa. Super. 1996) (*pro se* appellant's brief precluded Superior Court from conducting meaningful judicial review; even liberal construction of brief based on appellant's *pro se* status did not remedy brief's inadequacies). Notably absent is a statement of questions involved. Moreover, Elliott has not included in his brief citations to the record or relevant authority.[1] ***See*** Pa.R.A.P. 2119; ***In re Estate of Whitley***, 50 A.3d 203 (Pa. Super. 2012) (argument portion of appellate brief must include pertinent discussion of particular point raised along with discussion and citation of pertinent authorities; Superior Court will not consider merits of argument which fails to cite relevant case or statutory authority). Because Elliott's brief is substantially deficient and leaves this Court with nothing to review, we quash his appeal.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18

---

[1] Elliott cites only to UCC § 1-308, which does not apply to transfers of real estate.

- 4 -