J-A19021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LAZY D. MOBILE HOME ESTATES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIKE AND KERRI VANKAVELAAR | : | |
| | : | |
| | : | No. 1481 WDA 2024 |
| APPEAL OF: KERRI VANKAVELAAR | : | |

Appeal from the Order Entered February 13, 2025
In the Court of Common Pleas of Washington County
Civil Division at No: 2023-07960

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED:  November 25, 2025**

Appellant, Kerri Vankavelaar,[1] appeals from the February 13, 2025, judgment of $3,675.00 plus costs entered by the Court of Common Pleas of Washington County in favor of Appellee, Lazy D. Mobile Home Estates.[2] Appellant argues that the trial court erred in finding that the ejectment action was not subject to the Manufactured Home Community Rights Act ("MHCRA"), 68 P.S. §§ 398.1 *et. seq*.  Finding merit in Appellant's argument, we vacate the order and remand for proceedings consistent with this memorandum.

The trial court set forth the factual background to this case:

---

[1] Mike Vankavelaar did not participate in this appeal.

[2] On October 23, 2024, the trial court issued an order granting Appellee's claim for ejectment and awarded a judgment of $3,675.00, plus costs. Appellant filed a timely notice of appeal on November 21, 2024.  Thereafter, this Court directed Appellant to praecipe the trial court to enter judgment, which was completed on February 13, 2025.

The land subject to this action is located in Washington County and is known as Lot 24 Horseshoe Drive in the Lazy D Mobile Home Estates in Roscoe, Pennsylvania. Since 2020, the Vankavelaars have leased Lot 24 on a month-to-month basis. Such lease is an oral lease.

The Lazy D modestly raised lot rents in April of 2021 and then again in April of 2022. As of April of 2002, the Vankavelaars' lot rent was $275 per month. The Vankavelaars paid these increases, however, they began to withhold their lot rent in August of 2022 [due to ongoing habitability issues that were not remedied by Lazy D]. On October 15, 2022, the Vankavelaars paid only $100 in lot rent. On December 8, 2022, Mr. Sanders[, owner of Lazy D Mobile Estates,] provided written notice of his intention to file a complaint with the magistrate for unpaid rent. [The Vankavelaars made partial payments in December 2022 and January 2023.] [O]n February 3, 2023, Mr. Sanders provided a second written notice of his intention to file a complaint with the magistrate regarding the Vankavelaars' ongoing failure to pay their monthly lot rent. Within five (5) days, the Vankavelaars made another partial payment of $300 towards their unpaid rent that now exceeded $1500. Mr. Sanders again refrained from filing a complaint with the magistrate.

* * * *

As of November 30, 2023, the Vankavelaars had an unpaid rental balance of $1,875. Mr. Sanders provided another written notice of default to the Vankavelaars and stated his intention to file a complaint with the magistrate.

Trial Court Opinion, 10/23/24, at 4-5 (footnotes and citations omitted). On December 6, 2023, Appellee filed a statutory eviction action before Magisterial District Judge Eric Porter. On December 19, 2023, MDJ Porter granted Appellee possession and awarded a judgment of $3,476.64. Appellant filed a notice of appeal in the trial court on December 29, 2023. Thereafter, Appellee filed a *pro se* complaint alleging non-payment of rent. Appellant filed

preliminary objections, asserting a lack of subject matter jurisdiction, Appellee's failure to join a necessary party and insufficient specificity in the complaint. *See* Preliminary Objections, 1/31/24.

In response, Appellee filed a counseled amended complaint asserting two counts – eviction and ejectment. *See* Amended Complaint, 2/27/24. Appellant again filed preliminary objections and asserted a lack of subject matter jurisdiction, insufficient specificity in the complaint, and that Appellee failed to exhaust a statutory remedy. *See* Preliminary Objections, 3/19/24. Appellant argued that a statutory eviction proceeding was the exclusive remedy available to manufactured home community owners seeking to eject a tenant. *See id.* at 3-4 (our pagination). The trial court sustained Appellant's objection as to the eviction count, noting the lack of proper notice to quit. *See* Order, 5/29/24. The court, however, overruled Appellant's objections as to the ejectment count. *See id.* Appellant then filed an answer.

The case proceeded to a non-jury trial wherein the trial court found in favor of Appellee on the claim for ejectment. The court granted Appellee possession of Lot 24 and awarded damages of $3,675.00, plus costs. This timely appeal followed. Appellant raises a sole issue for our review:

> Whether the trial court lacked subject matter jurisdiction over Appellee's ejectment claim when Appellee had no clear right of possession of the leased premises, a lot in a manufactured home community, due to Appellee's failure to first terminate the lot lease in accordance with the prerequisites of Section 398.3 of the Manufactured Home Community Rights Act[.]

Appellant's Brief, at 2.

Our standard of review on questions of law is *de novo* and our scope of review is *plenary*. ***Almusa v. State Bd. of Med.***, 332 A.3d 791, 799 (Pa. 2025). The question before us is whether MHCRA applies to ejectment actions, and, if so, whether Appellee complied with the Act to eject Appellant.[3]

Both ejectment and eviction involve the recovery or repossession of real property. "Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." ***Siskos v. Britz***, 790 A.2d 1000, 1006 (Pa. 2002) (citation omitted). Ejectment is "a **possessory action only**, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." ***Id.*** (citing ***Brennan v. Shore Bros.***, 110 A.2d 401, 402 (Pa. 1955)) (emphasis added). Conversely, "[a]n eviction is an act by a landlord or a third person that interferes with a tenant's **possessory** right to the demised premises." ***Kuriger v. Cramer***, 498 A.2d 1331, 1338 (Pa. Super. 1985) (emphasis added).

_____

[3] Although the trial court and parties have couched this issue as one of subject matter jurisdiction, it is clear that the court has jurisdiction to hear cases under both the Landlord and Tenant Act, 68 P.S. §§ 250.101 *et. seq.*, and the MHCRA. ***See, e.g. Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 252 A.3d 628, 636 (Pa. 2021) (except as otherwise provided by law, our constitution confers unlimited original jurisdictional of all actions on the courts of common pleas). "Where the language of a statute makes no reference to a decrease in the court's subject matter jurisdiction, such a diminution cannot simply be inferred." ***Id.*** at 637.

Neither the Landlord and Tenant Act nor the MHCRA reference jurisdiction; therefore, the courts of common pleas have original jurisdiction over all actions brought under the Acts.

Historically, the applicability of the MHCRA[4] depended on whether the action was one of eviction or ejectment. *See, e.g. Cole v. Czegan*, 722 A.2d 686, 688 (Pa. Super. 1998) (MHCRA applied only in cases of eviction because the lease had not yet expired); *Lincoln Warehouses, Inc. v. Crompton*, 657 A.2d 994, 995 (Pa. Super. 1995) (provisions of MHCRA "apply only to evictions under a leasehold."). That distinction was based on a prior version of Section 250.501 of the Landlord and Tenant Act, which read:

> A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) Upon termination of a lease of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

68 P.S. § 250.501 (effective until August 31, 1996). "The foregoing language from the Landlord and Tenant Act, when interpreted in conjunction with the provisions governing *eviction* from the [MHCRA], was previously found to permit ejectment of a [manufactured] home [community] tenant *once the lease has expired*." *Cole*, 772 A.2d at 688 (emphases in the original). Thus, the provisions of the MHCRA applied to *evict* a tenant while a lease was still in effect, and the Landlord and Tenant Act applied to *eject* a tenant upon expiration of a lease.

---

[4] The Act was previously named the Mobile Home Park Rights Act. 68 P.S. § 398.1 (effective until March 18, 2011). It was amended in 2011 and retitled. *Id.* (effective March 18, 2011).

In 1996, the Landlord and Tenant Act was amended to establish a distinct procedure for a landlord to recover possession when the real property is a "manufactured home space," as defined by the MHCRA:

(a) A landlord desirous of repossessing real property from a tenant **except real property which is a [manufactured] home space as defined in the [Manufactured Home Community Rights Act],** may notify, in writing, the tenant remove from the same at the expiration of the time specified in the notice under the following namely, (1) Upon termination of a lease of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

* * * *

(c.1) The owner of a [manufactured] home [community] shall not be entitled to recovery of the [manufactured] home space upon the termination of a lease with a resident regardless of the term of the lease if the resident:

(1) is complying with the rules of the [manufactured] home [community]; and

(2) is paying the rent due; and

(3) desires to continue living in the [manufactured] home [community].

(c.2) The **only basis for the recovery** of a [manufactured] home space by an owner of a [manufactured] home [community] shall be:

(1) When a resident is legally evicted as provided under section 3 of the [MHCRA].

(2) When the owner and resident mutually agree in writing to the termination of a lease.

(3) At the expiration of a lease, if the resident determines that he no longer desires to reside in the park and so notifies the owner in writing.

- 6 -

68 P.S. § 250.501 (emphases added). Therefore, the 1996 amendments to the Landlord and Tenant Act clarified that the MHCRA applies both in ejectment and eviction actions. *See Milby v. Pote*, 189 A.3d 1065, 1080 (Pa. Super. 2018).[5]

Section 3 of the MHCRA sets forth the procedure under which an owner of a manufactured home community may evict a lessee:

> A manufactured home lessee shall only be evicted in accordance with the following procedure:
>
> (1) A lessee shall not be evicted by any self-help measure.
>
> (2) Prior to the commencement of any eviction proceeding or the termination of or failure to renew the lease of a lessee, the manufactured home community owner shall notify the manufactured home community lessee in writing of the particular breach or violation of the lease or community rules by certified or registered mail.
>
> (i) in the case of nonpayment of rent, the notice shall state that an eviction proceeding may be commenced if the manufactured home lessee does not pay the overdue rent within 20 days from the date of service if the notice is given on or after April 1 and before September 1, and 30 days if given on or after September 1 and before April

---

[5] In *Milby*, the owner of a manufactured home community filed an ejectment action against a tenant once the lease expired and the tenant failed to enter a new lease. *Milby*, 189 A.3d at 1074. The owners also sought ejectment for failure to pay rent. *Id.* The trial court found that the provisions of MHCRA did not apply because the leases had expired and granted the park owners "ejectment/eviction" of the tenants. *Id.* at 1074, 1080-81. On appeal, this Court determined that the trial court erred in concluding that the MHCRA did not apply to expired leases because the ruling was based on outdated case law. Thus, we held that "[u]nder section 250.501[(c.1) and (c.2)] of the Landlord and Tenant Act, recovery of the lots was possible if [the lessee] no longer wanted to reside in the Park **or if [the lessee] was evicted under Section 3 of the MHCRA**." *Id.* at 1086 (emphasis added).

> 1 or an additional nonpayment of rent occurring within six months of the giving of the notice may result in immediate eviction proceedings.

68 P.S. § 398.3(b).

Here, the trial court found Appellee failed to comply with Section 398.3(b) of the MHCRA regarding eviction. In so finding, it implicitly determined that neither the Landlord and Tenant Act nor the MHCRA applied to Appellee's *ejectment* action in accordance with Section 250.511 of the Landlord and Tenant Act, which provides that "Nothing contained in this article [Article V – Recovery of Possession] shall be construed as abolishing the right of any landlord to recover possession of any real property from a tenant by action of ejectment[.]" 68 Pa.C.S.A. § 250.511. This was error.

As discussed, this Court held in **Milby** that the owners of a manufactured home community must comply with Section 250.501 of the Landlord and Tenant Act and Section 398.3(b) of the MHCRA to recover possession of a manufactured home space in eviction **and** ejectment proceedings. Additionally, the text of Section 250.501 controls the procedure for repossession of a manufactured home space, regardless of the language in Section 250.511 that preserves landlord actions for ejectment. The more specific and later in time provisions of the MHCRA that dictate the procedures that must be followed with respect to a manufactured home community must

take precedence over the more general provisions of Section 250.501.[6] ***See***

1 Pa.C.S.A. § 1933 (special provision controls over a general in case of conflict,

unless general is passed later in time and manifest intention of the General

Assembly was that it prevail).[7] Therefore, Appellee was required to follow the

procedures of the MHCRA to eject Appellant from the manufactured home

space. If the trial court finds that Appellee failed to comply with Section

398.3(b), then the ejectment action must be dismissed.

Order vacated and case remanded for proceedings consistent with this

memorandum. Jurisdiction relinquished.

_____

[6] This is not to say that Section 250.501 no longer has any applicability to ejectment actions. Rather, its inapplicability is limited only to those actions under the MHCRA.

[7] Section 1933 provides in full as follows:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/25/2025