J-A10027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THE ESTATE OF YVONNE ACEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ACEY, ALL UNAUTHORIZED OCCUPANTS | : | |
| | : | No. 1852 EDA 2025 |
| APPEAL OF: WILLIAM ACEY | : | |

Appeal from the Judgement Entered July 23, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 240701541

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED MAY 06, 2026**

William Acey ("Acey") appeals *pro se* from the judgment for possession entered in favor of the Estate of Yvonne Acey ("the Estate") in this ejectment action.  We dismiss the appeal.

The relevant factual and procedural history underlying this appeal is as follows.  Yvonne Acey (hereinafter "the decedent") owned and resided at 5231 Sansom Street, in Philadelphia ("the property").  The property had been deeded to both the decedent and her late father, Walter Acey Sr.  However, as he had predeceased the decedent, she was the sole owner of the property.

---

[*] Former Justice specially assigned to the Superior Court.

At the time of her death on April 27, 2023, the decedent resided alone at the property.

Following her death, the decedent's daughter, Pamela Graham ("Ms. Graham"), was named as the executrix of the Estate. While discharging her duties as executrix, Ms. Graham attempted to sell the property. However, she was unable to do so because Acey, who is one of the decedent's sons, had taken up residence at the property after the decedent's death.

On behalf of the Estate, Ms. Graham filed a complaint in ejectment, seeking to obtain a court order which granted possession of the property to the Estate. In January 2025, the matter proceeded to a non-jury trial at which Ms. Graham testified to these facts. Ms. Graham also presented the letters testamentary naming her as executrix of the Estate as well as the most recent deed for the property, which listed Walter Acey Sr. and the decedent as grantees. Ms. Graham explained that Acey does not have a lease permitting him to reside at the property since she, as executrix, did not execute any such lease and, to her knowledge, neither the decedent nor her father executed any lease with Acey.

Ms. Graham additionally presented the testimony of Ericka Gay-Koumare ("Ms. Gay-Koumare"), who provided non-medical home care to the decedent prior to her death. Ms. Gay-Koumare testified that, during her time assisting the decedent at the property, she never witnessed Acey at the property. Ms. Graham also presented the testimony of the decedent's

granddaughter, Brianna Graham, who testified that she regularly visited the decedent in the months leading up to her death, and during that time Acey was not living at the property.

Acey, acting *pro se*, testified that he was regularly at the property to perform maintenance, and to assist the decedent. Acey further testified that he kept clothes at the property for occasions where he would spend the night at the property. Acey's brother, Walter Acey ("Walter") similarly testified that he would help his mother, the decedent, with daily activities, and that he would sometimes spend the night at the property. Walter acknowledged that he did not live at the property, and he indicated that Acey lived in a house a few blocks from the property. Following trial, the court entered a judgment for possession in favor of the Estate.

Acey filed a *pro se* notice of appeal; however, this Court vacated the judgment, as the trial court had entered the judgment without permitting any period for the filing of post-trial motions. Upon remand, Acey filed post-trial motions which the trial court denied on June 16, 2025. Acey filed a motion for reconsideration which the trial court denied on July 9, 2025. Acey then filed a premature notice of appeal from that order, as judgment had not yet been entered. The trial court thereafter entered judgment in favor of the

Estate on July 23, 2025, thereby rendering the notice of appeal timely.[1]  Both

Acey and the trial court complied with Pa.R.A.P. 1925.

Acey raises the following issues for our review:

1. Whether the trial court erred in exercising jurisdiction over an estate property dispute reserved for the orphans' court division under 20 Pa.C.S.[A.] § 711.

2. Whether [Acey's] status as a beneficiary and equitable owner of the property barred ejectment under 20 Pa.C.S.[A.] § 3311(a).

3. Whether the executrix's attempt to eject [Acey] violated the automatic stay under 11 U.S.C. § 362(a) and rendered the action void *ab initio*.

4. Whether the executrix breached her fiduciary duty by bypassing orphans' court supervision and pursuing ejectment in civil court.

5. Whether the trial court committed procedural error by relying on "squatter law" and denying post-trial motions despite jurisdictional and probate issues being raised.

Acey's Brief at 1-2 (unnecessary capitalization omitted).

Before we may address the merits of Acey's issues, we must first

address the adequacy of his appellate brief.  It is well settled that appellate

briefs must materially conform to the requirements of the Pennsylvania Rules

---

[1] **See** Pa.R.A.P. 905(a)(5) (providing that a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof); **see also K.H. v. J. R.**, 826 A.2d 863, 871-872 (Pa. 2003) (holding that, pursuant to Rule 905(a), an interlocutory appeal from denial of post-trial motions was no longer interlocutory after the trial court's subsequent entry of judgment in the case).

of Appellate Procedure or risk this Court's dismissal of the appeal. ***See*** Pa.R.A.P. 2101; ***see also*** Pa.R.A.P. 2111-2119 (discussing the required content of appellate briefs and the specific requirements for each subsection of the brief). When an appellate brief fails to conform to the requirements set forth in our appellate rules, or issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, this Court will not consider the merits thereof. ***See In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) (holding that appellate briefs must conform to the requirements set forth in the appellate rules); ***see also Branch Banking & Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (holding that this Court will not consider the merits of issues not properly raised and developed in the appellate brief or when the briefs are wholly inadequate to present specific issues for review).

Pertinently, Rule 2111(a) mandates that the brief of the appellant shall consist of certain specified matters, to be separately and distinctly entitled. ***See*** Pa.R.A.P. 2111(a). Further, pursuant to Rule 2119(a), the argument portion of an appellate brief must include a discussion of the particular point raised along with discussion and citation of pertinent authorities. ***See*** Pa.R.A.P. 2119(a). This Court will not consider the merits of an argument which fails to cite relevant case law or statutory authority. ***See In re Estate of Whitley***, 50 A.3d 203, 209-10 (Pa. Super. 2012) (holding that the failure to cite relevant legal authority constitutes waiver of the claim on appeal).

Moreover, mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter. ***See In re S.T.S., Jr.***, 76 A.3d 24, 42 (Pa. Super. 2013).

The fact that an appellant is acting *pro se* does not relieve him of the responsibility to comply with the rules of appellate procedure. ***In re Ullman***, 995 A.2d at 1211-12 (noting that "*pro se* status confers no special benefit upon the appellant"); ***see also Cole v. Czegan***, 722 A.2d 686, 687 (Pa. Super. 1998) (holding that a *pro se* appellant has a duty to file a comprehensible brief and to raise and develop properly his appellate issues"). This Court will not act as counsel and will not develop arguments on behalf of an appellant. ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012). Indeed, this Court is neither obliged, nor even particularly equipped, to develop an argument for a party, since to do so places this Court in the conflicting roles of advocate and neutral arbiter. ***See In re S.T.S., Jr.***, 76 A.3d at 42.

Here the entirety of Acey's brief consists of five pages. The brief does not contain certain of the matters mandated by Rule 2111(a), including the order or other determination in question and a statement of both the scope of review and the standard of review. ***See*** Pa.R.A.P. 2111(a). Further, and more problematic, the argument section of Acey's brief consists of little more than a single page and is devoid of any meaningful discussion of the issues he raises on appeal. Acey does not identify the pertinent legal standards governing our review of any of his issues. Nor does his brief include any

references to the certified record. Nor does the brief provide any discussion of or citation to relevant legal authority pertinent to his issues.[2] Instead, the entirety of the discussion that Acey presents for each of his issues consists of two generalized legal assertions and one vague conclusory statement. As such, Acey's argument contains little more than mere issue spotting.

In sum, Acey's failure to provide this Court with any coherent or developed argument for any of his issues hampers effective appellate review. Thus, as Acey's brief is wholly inadequate to present specific issues for review, we are constrained to deem his issues waived. Accordingly, we dismiss the appeal.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2026

---

[2] We note that, while Acey does cite two Pennsylvania statutes, and one Pennsylvania case, he does not provide their specific content or discuss how they apply to the facts of this matter. Acey also cites to federal statutes and cases which are either irrelevant to the issues he raises on appeal, or which do not control our analysis. *See* Acey's Brief at 3-4.