641 A.2d 596

**Joan M. SAVOY**

v.

**Marcus J. SAVOY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 1994.

Filed May 6, 1994.

Dudley N. Anderson, Williamsport, for appellant.

Pamela L. Shipman, Williamsport, for appellee.

Before OLSZEWSKI, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

 In this appeal of a parental support order, we are asked to determine whether a person is indigent, within the meaning of Section 3 of the Support Law of 1937 (Support Law), 62 P.S. § 1973, when her reasonable living expenses exceed her Social Security benefits, her sole source of income. We are also asked to determine whether the classification of relatives liable for support of indigent persons in Section 1973(a) of the Support Law has been repealed by the 1976 Amendments to the Public Welfare Code of 1967, 62 P.S. § 432.6, the classification of legally responsible relatives of public assistance applicants. With respect to the former, we apply the common law definition of indigent to Section 1973 and conclude that a person is indigent if her reasonable living expenses exceed her Social Security benefits, her sole source of income. With respect to the latter, this Court answered that question in *Verna v. Verna*, 288 Pa.Super. 511, 432 A.2d 630 (1981), and we now reaffirm our determination that Section 432.6 did not repeal the classification of relatives liable for the support of indigent persons in Section 1973(a). Accordingly, we affirm the order directing Marcus J. Savoy (Son) to pay $125 per month directly to the medical care providers of Joan M. Savoy (Mother) for her past medical care expenses.

Prior to 1986, Mother had been financially independent and regularly employed. In early 1986, Mother initially became unemployed to undergo and to recover from neck surgery. When she returned to work, Mother slipped and fell, sustaining soft tissue injuries to her head, neck, and back, and a broken right ankle. Since her fall, Mother has been unem-

ployed due to her continuing medical difficulties. Mother received periodic payments through Workmen's Compensation, which were later commuted to a lump sum payment of $25,000, all of which has been exhausted. Mother receives Social Security disability benefits in the amount of $362 per month, and Supplemental Security Income benefits in the amount of $76.40 per month, for a total monthly income of $438.40. Mother's monthly expenses are $940. Although Mother presently has medical insurance for her continuing medical difficulties, she has unpaid medical expenses in excess of $10,000, which neither Workmen's Compensation nor any other insurance covered.

Son is an officer, shareholder, and manager in the family-owned furniture manufacturing business. Son, who has no dependents, has a net monthly income of $2,327 per month. Son's reported net monthly expenses are $2,583 per month, an amount in excess of his income.

In September 1989, Mother filed a Complaint for Support, pursuant to 62 P.S. § 1973, against Son. Son filed Preliminary Objections in the nature of a demurrer challenging the statutory basis of the support request and alleging that Mother lacked standing to bring the support action. The trial court denied Son's Preliminary Objections and ordered that a hearing be scheduled before a Master. The Master conducted hearings on April 3, April 25, and May 30, 1990. On June 26, 1990, the Master filed a proposed order directing Son to financially assist Mother by paying $125 per month to her medical care providers for past medical care expenses. Son filed exceptions to the Master's proposed order, and Mother filed cross-exceptions which she later withdrew. The parties requested that the trial court delay its decision on the exceptions to permit the negotiation of a settlement. The parties were unsuccessful in their attempt to negotiate a settlement, and after a significant lapse of time, Mother asked the trial court to enter its decision on the exceptions. On June 18, 1993, the trial court issued an order denying Son's exceptions and affirmed the Master's proposed order. Son appeals.

■ Preliminarily, we note that Son has failed to provide a separate Statement of the Questions Involved as required by Pa.R.A.P, Rules 2111 and 2116. However, Son raises two issues in the Argument section of his brief which suggest that these are the specific issues we are asked to review: (1) is a child required to pay support for his/her parent, and (2) if yes, is Mother indigent within the meaning of 62 P.S. § 1973. Since Son's failure to comply with our Rules of Appellate Procedure does not impede our ability to review the issues, we will address the merits of this appeal.

■ Our standard of review in support matters is well settled; "absent an abuse of discretion, we will not disturb on appeal a properly entered support order." *Depp v. Holland*, 431 Pa.Super. 209, 211, 636 A.2d 204, 205 (1994); *see also Commonwealth ex rel. Price v. Campbell*, 180 Pa.Super. 518, 520, 119 A.2d 816, 817 (1956). In the present case, the trial court ordered Son to make payments of $125 per month to Mother's medical care providers for her past medical care expenses. This support order was issued pursuant to 62 P.S. § 1973(a), which provides, in pertinent part:

### § 1973. Relatives liable for the support of indigent person; procedure to enforce support

(a) The husband, wife, child, . . . father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct. . . .

Thus, this support statute expressly grants the trial court the authority to order the child of an indigent person to care for, maintain or financially assist the indigent person provided the child is financially able to do so. The duty of parental support is created by statute, for "[a]t common-law, an adult child has no duty or obligation to contribute to the support of his parents." *Albert Einstein Medical Center v. Forman*, 212 Pa.Super. 450, 454, 243 A.2d 181, 183 (1968).

In the present case, Son claims that 62 P.S. § 1973, insofar as it identifies relatives liable for support of an indigent person, was repealed by 62 P.S. § 432.6. We disagree. Section 432.6 relates to support from legally responsible relatives against whom the Commonwealth may file suit for non-support of an applicant for public assistance, and it repealed Section 1973 only to the extent that it is inconsistent therewith. *See Verna,* 288 Pa.Super. at 516, 432 A.2d at 633. Section 432.6 limits legally responsible relatives to "spouses and the parent for an unemancipated minor child." 62 P.S. § 432.6(d). Section 1973 identifies persons who are liable for the support of an indigent person, i.e., husband, wife, child, mother and father, without regard to whether the indigent person receives public assistance. In *Verna, supra,* we stated that Sections 432.6 and 1973 do not necessarily relate to the same persons or class of persons, and that "the two provisions are best understood independently, with 'legally responsible relatives' being those against whom the Commonwealth can take action on behalf of an 'assistance' applicant." *Verna, supra,* at 517, 432 A.2d at 633. We find no inconsistencies between the two sections. Consequently, the trial court properly determined that the identification of the class of persons who are liable for the support of an indigent person, as set forth in Section 1973(a), is legally viable.

Son also argues that in finding a duty of parental support, the trial court inappropriately relied on *Verna,* a case involving the claim of support of an adult child for continued support from her father. Again, we disagree. The trial court found the duty of parental support in Section 1973(a), and it cited *Verna* to support its determination that section 432.6 had not repealed Section 1973, on the issue of relatives liable for the support of an indigent person. Opinion and Order, dated June 18, 1993, at 1 n. 1. Thus, Son's claim that the trial court improperly relied on *Verna* to find a duty of parental support lacks merit.

Son's final argument is that even if the trial court found that a child owes a duty of parental support, Son owed no duty to Mother because Mother was not indigent, as

required by the statute. Section 1973 does not provide a definition of indigent. Son suggests that we should borrow the definition of indigent from the public assistance guidelines. We cannot agree that the public assistance guidelines are an appropriate measure of indigency within the meaning of Section 1973, because support for an indigent person may be ordered "whether [the indigent person is] a public charge or not...." 62 P.S. § 1973(a). Therefore, we reject Son's suggestion that we use the public assistance guidelines to define indigent.

Rather, in determining whether a person is indigent within the meaning of Section 1973, when her reasonable living expenses exceed her Social Security benefits, her sole source of income, we find it more appropriate to apply the common law definition of indigent:

> This [C]ourt has stated ... that though "indigent" is not defined in The Support Law [62 P.S. § 1971 *et seq.*], the Act indicates that the indigent person need not be helpless and in extreme want, so completely destitute of property, as to require assistance from the public. Indigent persons are those who do not have sufficient means to pay for their own care and maintenance. "Indigent" includes, but is not limited to, those who are completely destitute and helpless. It also encompasses those persons who have some limited means, but whose means are not sufficient to adequately provide for their maintenance and support.

*Verna,* 288 Pa.Super. at 518, 432 A.2d at 633 (citations omitted).

■ When we apply the above-stated definition of indigent to the facts of this case, we are constrained to conclude that Mother is indigent. Our determination of Mother's indigency rests upon the inadequacy of her Social Security benefits to meet her reasonable care and maintenance, as well as her past medical expenses, which are in excess of $10,000. Mother's monthly income is $438.40, and her monthly expenses are $940. The trial court determined that Mother's expenses were reasonable, and we observe nothing in the record to indicate otherwise. The trial court adopted the Master's

conclusion that Son has the ability to financially assist Mother. We agree with this determination. In view of the disparity between Mother's income and expenses, as well as her continuing medical difficulties, and in view of Son's sufficient financial ability to assist her, we find no abuse of discretion in the trial court issuing an order directing Son to pay $125 per month to Mother's medical care providers for her past medical care expenses.

Accordingly, we affirm the parental support order.

Order affirmed.