J-S46017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| REST HAVEN YORK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| CAROL A. DEITZ | |
| Appellee | No. 426 MDA 2014 |

Appeal from the Order Entered February 4, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2012-SU-004797-86

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 22, 2014**

Rest Haven York (Rest Haven) appeals from the order of the Court of Common Pleas of York County granting summary judgment in favor of Appellee, Carol A. Deitz.  After careful review, we affirm, although for different reasons than those set forth by the trial court.[1]

Rest Haven is a rehabilitation and nursing facility to which Helen Boring was admitted on January 4, 2010.  Boring's daughter, Deitz, signed the admitting papers as agent under a power of attorney executed by Boring.  Boring remained a resident of Rest Haven until her death on July

_____

[1] "As an appellate court, we may affirm by reasoning different than that used by the trial court."  **Commonwealth v. Miller**, 787 A.2d 1036, 1038 (Pa. Super. 2001) (citation omitted).

14, 2012. When she died, Boring had $55,301.06 in unpaid bills from Rest Haven.

On November 30, 2012, Rest Haven filed a complaint against Deitz alleging breach of contract, breach of implied contract, unjust enrichment, fraud, and breach of duty to support, based on Boring's unpaid bill totaling $55,301.06. Deitz filed an answer to the complaint on December 24, 2013. On September 11, 2013, Deitz moved for summary judgment and requested the court to dismiss the complaint in its entirety.

On January 16, 2014, the trial court held oral argument on the matter, and on February 4, 2014, it granted summary judgment in favor of Deitz. The court determined that Rest Haven failed to establish the elements necessary to sustain a cause of action on any of the counts alleged in the complaint.

This timely appeal followed, in which the sole issue is whether the trial court erred in granting Deitz's motion for summary judgment as to Rest Haven's count for breach of duty to support.

Our standard of review of a trial court's order granting summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary. In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving

party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law." *Young v. PennDOT*, 744 A.2d 1276, 1277 (Pa. 2000). Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001) (citations omitted).

[T]he issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted).

The trial court based its finding that Deitz owed no duty of support to her late mother on its interpretation of section 4603 of the Domestic Relations Code, which provides, in relevant part:

**§ 4603.  Relatives' liability; procedure**

**(a)  Liability. –**

(1)  Except as set forth in paragraph (2), all of the following individuals have the responsibility to care for and maintain or financially assist an indigent person, regardless of whether the indigent person is a public charge:

* * *

(ii)  A child of the indigent person.

- 3 -

* * *

   (2) Paragraph 1 does not apply in any of the following cases:

     (i) If an individual does not have sufficient financial ability to support the indigent person

* * *

**(c) Procedure. –** A court has jurisdiction in a case under this section upon petition of:

   (1) an indigent person; or

   (2) any other person or public body or public agency having any interest in the care, maintenance or assistance of such indigent person.

23 Pa.C.S. § 4603(a), (c).

In an opinion issued simultaneously with its February 4, 2014 order, the trial court stated that "no facts on the record . . . establish that . . . Boring was at any time declared indigent or that [Deitz] has been assigned by any [c]ourt financial responsibility for . . . Boring," and reasoned Deitz owed no duty of support to her late mother. *See* Trial Court Opinion, 2/4/14, at 7. However, as Rest Haven correctly points out in its brief, a prior declaration of indigence is not necessary in order to state a cause of action for breach of duty to support. *See* Brief of Appellant, at 10.

In *Healthcare & Retirement Corp. of America v. Pittas*, 46 A.3d 719 (Pa. Super. 2012), this Court upheld the trial court's determination that the appellant's mother was indigent based on evidence presented by the plaintiff nursing home, showing that his mother's sources of income were insufficient to provide adequately for her maintenance and support. We

- 4 -

stated, "we do not believe that the trial court abused its discretion in finding Appellant's mother 'indigent' within the meaning of section 4603." *Id.* at 724. Accordingly, it is clear that in *Pittas* we did not require the nursing home to prove the appellant's mother had previously been declared indigent in order to establish a cause of action under the relatives' liability statute.

Neither the language of section 4603 nor case law indicates that a party can only bring an action under the relatives' liability statute if there has been a prior declaration of indigence. Accordingly, we conclude that the trial court erred as a matter of law when it ruled to the contrary. Nevertheless, for the following reasons we determine that the trial court properly granted summary judgment in favor of Deitz.

After reviewing the record, it is clear that Rest Haven failed to provide evidence that could have allowed the trial court to declare Boring indigent. If Rest Haven had provided sufficient evidence to allow the trial court to declare Boring indigent, the trial court would have committed reversible error because summary judgment would have been inappropriate. Such was not the case here.

Rest Haven attached to its complaint the contract signed by Deitz, on behalf of Boring, and a copy over the overdue charges for Boring's account. *See* Complaint, 11/30/12, Exhibits A and B. Neither of these documents constitutes sufficient evidence for the purpose of a declaration of indigence nor for establishing a duty to support. *See Pittas*, *supra*.

To present competent evidence to prove indigence, Rest Haven should have provided a bank statement or similar documentation attesting to Boring's financial condition. *See Pittas*, *supra* at 724 (bank statement indicating mother's income less than costs of living sufficient evidence for trial court to find mother indigent). *See also Presbyterian Medical Center v. Budd*, 832 A.2d 1066 (Pa. Super. 2003) (nursing home had valid claim against daughter under support law because nursing home presented evidence daughter withdrew all money from mother's bank account while she was under care of nursing home).

Without any evidence to make a showing of a relative's indigence, a plaintiff is not able to overcome a motion for summary judgment by the person upon whom it seeks to impose liability. In the case *sub judice*, Rest Haven provided no such evidence. A copy of an overdue statement of account from the mother's stay at its facility is not sufficient evidence to establish indigence. *See Pittas*, *supra*.

"Indigent persons are those [lacking] sufficient means to pay for their own care and maintenance. Indigent includes, but is not limited to, those who are completely destitute and helpless. Indigent encompasses those [with] limited means, but whose means are not sufficient to adequately provide for their maintenance and support." *Savoy v. Savoy*, 641 A.2d 596, 599 (Pa. Super. 1994) (citing *Verna v. Verna*, 432 A.2d 630, 633 (Pa. 1981)). Rest Haven failed to adduce evidence that could have aided the

court in determining that Boring did not have sufficient means to provide for her own support.

Even though the trial court misinterpreted the support statute, the order of summary judgment in favor of Deitz is still appropriate because Rest Haven failed to adduce sufficient evidence on an issue essential to its case. **See Murphy**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014