J-S72009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BRIAN SCHRUM, JR., | |
| Appellant | No. 136 WDA 2014 |

Appeal from the PCRA Order Entered December 30, 2013
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000764-2007

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:       **FILED DECEMBER 08, 2014**

Appellant, David Brian Schrum, Jr., appeals from the trial court's December 30, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Appellant argues that the trial court imposed an illegal sentence, as the court did not provide him credit for time served on his original sentence of incarceration when it revoked his probation and imposed a new sentence.[1]  Additionally,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant's brief does not include a statement of questions involved.   Consequently, Appellant has failed to comply with Pa.R.A.P 2111(a)(4) and 2116(a).   As we are able to ascertain the claim raised by Appellant, however, his failure to comply with the Rules of Appellate Procedure does not impede our review of this issue on appeal.  Thus, we will address his argument on the merits.  ***See Savoy v. Savoy***, 641 A.2d 596, 598 (Pa. Super. 1994) (stating where an appellant "fails to provide a
*(Footnote Continued Next Page)*

Appellant's counsel, Kenneth R. Harris, Jr., Esquire, seeks permission to withdraw his representation of Appellant pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 479 A.2d 568 (Pa. Super. 1984). We affirm.

On July 11, 2007, Appellant entered a negotiated plea of guilty to one count of incest. Pursuant to that plea agreement, on August 24, 2007, he was sentenced to a term of 12 to 24 months' incarceration followed by 72 months' probation. No appeal was filed from this judgment of sentence.

Appellant's probation was subsequently revoked following a hearing on January 18, 2011, and a new term of 18 to 54 months' incarceration imposed. On February 7, 2011, Appellant filed a notice of appeal, and this Court affirmed Appellant's judgment of sentence on February 13, 2012. *See Commonwealth v. Schrum*, 46 A.3d 816 (Pa. Super. 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed a *pro se* petition for time credit on June 25, 2012. On June 26, 2012, the court issued an order stating that it construed Appellant's petition as a PCRA petition, and appointing Appellant counsel. An amended counseled PCRA petition was filed on August 6, 2013. The court issued a

*(Footnote Continued)* ───────────

separate [s]tatement of the [q]uestions [i]nvolved," but that noncompliance "does not impede our ability to review the issues, we will address the merits of [the] appeal.").

- 2 -

Pa.R.Crim.P. 907 notice of its intent to dismiss on September 25, 2013. The PCRA court dismissed Appellant's petition on December 30, 2013. Appellant filed a timely notice of appeal on January 21, 2014. In addition, Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On July 10, 2014, Attorney Harris filed a motion with this Court to withdraw his representation of Appellant. Appellant subsequently filed a *pro se* brief with this Court.

In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[2] which provides:

> (1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> (2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature

---

[2] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Harris filed his petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in **Pitts** is inapplicable.

and extent of counsel's review of the merits of each of those claims[;]

(3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

(4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed pro se, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

"Once counsel for the petitioner determines that the issues raised under the PC[R]A are 'meritless,' and the PC[R]A court concurs, counsel will be permitted to withdraw and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes." *Finley*, 550 A.2d 215. The preceding sentence assumes that counsel filed the no-merit letter with the trial court. However, counsel "may withdraw at any stage of collateral proceedings if he, in the exercise of his professional judgment, determines that the issues raised in those proceedings are meritless," *Commonwealth v. Bishop*, 645 A.2d 274, 275 (Pa. Super. 1994), and "the initial court before whom the request to

withdraw is pleaded would logically be the tribunal making the ruling," *Finley*, 550 A.2d at 215 n.4. Attorney Harris has filed his petition to withdraw with our Court; accordingly, we must determine whether he has complied with the *Turner/Finley* requirements.

First, we have received Attorney Harris's petition to withdraw and no-merit letter. Therefore, he meets the first prong of the above-stated test. On pages 1 through 2 of his no-merit letter, Attorney Harris sets forth the issue Appellant seeks to raise on appeal and provides an explanation, accompanied by citations to relevant case law, detailing why that issue is without merit. Additionally, in his petition, Attorney Harris has sufficiently evidenced the nature and extent of his review. Thus, we conclude that he has met the second and third prongs of the revised *Finley* test as set forth in *Friend*.

Fourth, Attorney Harris has forwarded to Appellant a copy of his petition to withdraw and no-merit letter. He has also sent a letter to Appellant explaining that he concluded that Appellant's claim is meritless and advising Appellant that he has the right to proceed with his appeal *pro se* or hire new counsel.[3] Accordingly, Attorney Harris has satisfied the fourth prong of the revised test set forth in *Friend*.

---

[3] We note that Attorney Harris, in this letter, did not describe Appellant's rights correctly, stating, "I am also required to inform you that the Superior Court will be contacting you with a briefing schedule…." Counsel's letter,
*(Footnote Continued Next Page)*

Next, this Court must conduct its own independent review of the issue presented in Appellant's PCRA petition. We begin by noting that our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the substance of Appellant's issue, we must confront the timeliness of his petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may

*(Footnote Continued)* _____

7/9/14, at 1. However, despite this incorrect statement of rights concerning a briefing schedule, Appellant demonstrably understood his rights, as he subsequently filed a *pro se* request for an extension of time to file a brief for appellant, and filed his *pro se* brief after receiving an extension. Therefore, despite this error, we do not conclude that counsel failed to meet the requirements for proper withdrawal on this basis.

not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final. Appellant's judgment of sentence became final at the conclusion of his appellate review on March 14, 2012. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); Pa.R.A.P. 1113(a) (providing 30 days for the filing of a petition of allowance of appeal to the Pennsylvania Supreme Court following the entry of an order by this Court.) The instant petition was timely filed on June 25, 2012. As such, this Court possesses jurisdiction to address Appellant's claims on the merits.

In his brief, Appellant argues that his current sentence of incarceration is illegal. Specifically, he maintains that the trial court erred in failing to properly apply credit for time served toward his sentence. Appellant was initially sentenced to a term of 12 to 24 months' incarceration, followed by 72 months' probation. After his probation was revoked, a new sentence of 18 to 54 months' incarceration was imposed. Appellant believes that he is due credit for the time he served on his sentence of 12 to 24 months'

incarceration toward his new probation revocation sentence of 18 to 54 months' incarceration. As explained by the PCRA court,

> [Appellant] pleaded guilty to one count of incest, a felony of the second degree. Under 18 [Pa.C.S.] § 1103, a person convicted of a felony of the second degree may be sentenced to undergo imprisonment for a term of not more than ten years. Under **Commonwealth v. Williams**, 662 A.2d 658 (Pa. Super. [] 1995), [Appellant] would have undoubtedly been entitled to receive credit on his revocation sentence for time served on his original sentence if the combined amount of incarceration imposed exceeded the statutory maximum. That is not the case here. The combined incarceration sentences in this case amount to 78 months less one day. That is well within the statutory maximum of ten years. … [U]nder **Commonwealth v. Bowser**, 783 A.2d 348 (Pa. Super. [] 2001), since the combined incarceration[] sentences do not exceed the statutory maximum, [Appellant's] revocation sentence is not illegal. [Appellant], therefore, is not entitled to relief under the Post Conviction Relief Act.

PCRA Court Opinion and Order, 9/25/13, at 4. We agree that the trial court did not err in declining to grant Appellant this time credit, as Appellant was not entitled to it. As such, we conclude Appellant's claim is meritless.

As we have found no other claims of arguable merit that Attorney Harris could have raised on appeal, we affirm the PCRA court's order denying Appellant's petition, and we grant Attorney Harris's petition to withdraw as counsel pursuant to **Turner/Finley**.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014