J. S42031/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
         v.    :
   :
BRANDON MICHAEL SCOTT,    :    No. 1485 MDA 2016
   :
         Appellant    :


Appeal from the Judgment of Sentence, September 1, 2016,
in the Court of Common Pleas of Bradford County
Criminal Division at No. CP-08-CR-0000463-2015


BEFORE:  OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED AUGUST 08, 2017**

Brandon Michael Scott appeals from the judgment of sentence of September 1, 2016, following his conviction of one count of driving under the influence ("DUI") -- general impairment and summary offenses.  We affirm the convictions, but vacate the judgment of sentence and remand for resentencing.

This case was submitted on stipulated facts, as follows:

**STIPULATION OF FACTS**

1.    On April 25, 2015 at approximately 2:38 AM, [appellant] was driving a motor vehicle on SR 6 in Wysox Township, Bradford County, Pennsylvania.

2.    Trooper Christopher Schelling initiated a traffic stop after he observed [appellant]'s motor vehicle swerve multiple times over the center yellow line, observed the motor vehicle almost

strike the curb, and observed a cigarette littered out of the driver's side window.

3. Upon making contact with [appellant], Trooper Schelling detected a strong odor of an alcoholic beverage emanating from [appellant]'s breath. He also observed that [appellant] had blood shot eyes, and that [appellant]'s speech was slurred.

4. During the traffic stop [appellant] admitted to consuming alcohol earlier in the night.

5. During the traffic stop [appellant] consented to participate in multiple Standard Field Sobriety Tests: (1) The Horizontal Gaze Nystagmus Test, (2) the Walk and Turn Test, and (3) the One-Leg Stand Test. [Appellant]'s performance on these tests indicated to Trooper Schelling that [appellant] was intoxicated.

6. Based on his observations of [appellant], [appellant]'s admission to drinking alcohol, and [appellant]'s performance of the Standard Field Sobriety Tests, Trooper Schelling concluded [that appellant] had imbibed a sufficient amount of alcohol such that he could not safely operate a motor vehicle. [Appellant] was then arrested under probable cause of DUI.

7. After placing [appellant] under arrest, Trooper Schelling transported him to the emergency room of Towanda Memorial Hospital for a blood draw.

8. At 3:10 AM Trooper Schelling read [appellant] his Implied Consent and O'Connell Warnings,[1] and [appellant] refused to submit to Blood Alcohol Concentration testing.

---

[1] *See Com., Dept. of Transp., Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873 (Pa. 1989).

> 9. Trooper Schelling then transported [appellant] to the Towanda Barracks of the Pennsylvania State Police, where [appellant] refused to be fingerprinted or processed, and where [appellant] was verbally combative with another member of the Pennsylvania State Police, Trooper William McDermott.

Docket No. 32.

Appellant filed an omnibus pre-trial motion, alleging, *inter alia*, that the Commonwealth withheld exculpatory **Brady**[2] material in the form of the audio component of the audio/video recording generated by the patrol unit during the traffic stop. According to appellant, an audio recording of his interaction with the troopers would have demonstrated racial bias. Appellant's omnibus pre-trial motion was denied on February 3, 2016, following an evidentiary hearing.[3]

Appellant agreed to a bench trial on stipulated facts, and was found guilty on June 9, 2016, of all four counts in the information: count 1, DUI -- general impairment, graded as a first-degree misdemeanor; count 2, disregarding traffic lanes, a summary offense; count 3, depositing waste on highways, a summary offense; and count 4, careless driving, a summary offense.[4] Appellant filed a post-trial motion on July 5, 2016, which was

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

[3] Appellant also claimed that the police lacked probable cause to stop his vehicle; however, he has abandoned that claim on appeal.

[4] 75 Pa.C.S.A. §§ 3802(a)(1), 3309(1), 3709(a), and 3714(a), respectively.

denied by order entered August 16, 2016; however, the trial court amended its June 9, 2016 order to change the grading of count 1, DUI -- general impairment, to an ungraded misdemeanor. (Docket No. 36.) The trial court also indicated that appellant would be sentenced at the Tier 3 level for DUI and would be given credit for 20 days' time served. (**Id.**)

On September 1, 2016, appellant was sentenced to 72 hours to 6 months' incarceration for count 1, DUI -- general impairment, and a fine of $1,000. This was a mandatory sentence imposed pursuant to 75 Pa.C.S.A. § 3804(c)(1) (providing for mandatory penalties for DUI where the defendant refused testing of blood or breath).[5] Appellant was sentenced to

---

[5]
**(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 consecutive hours;

(ii) pay a fine of not less than $1,000 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

pay fines on counts 2 and 3, the summary offenses.[6]  A timely notice of appeal was filed on September 6, 2016.  On September 14, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); appellant timely complied on September 19, 2016.  On September 29, 2016, the trial court filed a Rule 1925(a) opinion, relying on the February 3, 2016 opinion and order denying appellant's omnibus pre-trial motion.  (Docket No. 5.)  On June 5, 2017, appellant filed a "motion to file supplemental record on appeal," seeking to include the June 16, 2015 preliminary hearing transcript.

On appeal, appellant argues that the Commonwealth violated **Brady** by withholding exculpatory evidence, *i.e.*, the audio portion of the automatic recording made when the troopers stopped his vehicle.  Appellant alleges that the audio recording would have revealed that Trooper McDermott made certain racially biased statements against appellant, an African-American. Appellant claims that this evidence was relevant to attack the trooper's

---

> (iv)  comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

[6] Count 4, careless driving, merged with count 1, DUI -- general impairment. (Docket No. 31.)

credibility as well as to show why appellant became combative and uncooperative.[7]

> In order to succeed on a **Brady** claim, a defendant must establish that the evidence withheld was favorable to him, **i.e.**, that it was exculpatory or had impeachment value; the evidence was suppressed by the prosecution; and prejudice resulted. **Commonwealth v. Sattazahn**, 597 Pa. 648, 952 A.2d 640, 658 n. 12 (2008). In order to establish prejudice, a defendant is obliged to show that "the evidence in question was material to guilt or punishment, and that there is a reasonable probability that the result of the proceeding would have been different but for the alleged suppression of the evidence." **Commonwealth v. James Dennis**, 597 Pa. 159, 950 A.2d 945, 966 (2008) (citing **Brady**, 373 U.S. at 87, 83 S.Ct. 1194; **Kyles v. Whitley**, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).

**Commonwealth v. Miller**, 987 A.2d 638, 655 (Pa. 2009). "The Commonwealth does not violate [Pa.R.Crim.P.] Rule 573 when it fails to disclose to the defense evidence that it does not possess and of which it is unaware." **Commonwealth v. Collins**, 957 A.2d 237, 253 (Pa. 2008) (citations omitted).

---

[7] Appellant has failed to include a statement of questions involved, as required by Pa.R.A.P. 2111 and 2116(a). However, because that failure does not hamper our review, we will address appellant's substantive argument. Appellant only raises one issue for this court's review, the purported **Brady** violation, which was raised in his pre-trial motion and in his Rule 1925(b) statement. **See Savoy v. Savoy**, 641 A.2d 596, 598 (Pa.Super. 1994) (where failure to provide a separate statement of questions involved does not impede this court's ability to review the issues, we may address the merits of the appeal).

Here, appellant testified that Trooper McDermott told him, "[L]ong way, what cha [sic] doing here[,] you don't belong here anyway[.]" (Notes of testimony, 11/24/15 at 51.)[8]  Appellant interpreted this as a racist comment.  (*Id.*)  However, appellant's vehicle had out-of-state South Carolina plates, and Trooper McDermott denied making any racist comments.  (*Id.* at 7, 55.)  The trial court found the trooper's testimony to be credible.  (Trial court opinion, 2/3/16 at 7.)[9]

Furthermore, Corporal Norman Strauss, III, patrol supervisor of Troop P in Towanda, testified that he is responsible for the Motor Vehicle Recordings ("MVRs").  (Notes of testimony, 11/24/15 at 27.)  He downloaded the video of the traffic stop and saved it.  (*Id.* at 29.)  However, there was no audio.  (*Id.* at 30.)  Corporal Strauss testified that he has had technical difficulties with audio recordings in the past.  (*Id.*)  Corporal Strauss explained,

> [O]ne possible reason would be if the microphone was not turned on, there's a switch[,] an on and off switch, [] if it was off that would be one reason, another reason would be [] if say the microphone was damaged that could be a reason[,] a third reason would be if there was a technical difficulty[,] these occur from time to time where the microphone is turned on for whatever reason [] there's a

---

[8] In his Rule 1925(b) statement, appellant alleged that the trooper stated, "We don't like your kind here." (Docket No. 40.)  This was not reflected in appellant's testimony, and appellant does not make any such allegation in his brief on appeal.

[9] The trial court's opinion is unpaginated; page numbers are by our own count.

> technical difficulty where it won't work sporadically and then sometimes it will work. Often times if you turn it off and then start it back up again that will resolve some of the issues [] as occurs with computer[s] or appliances.

*Id.* at 31. Corporal Strauss could not determine why the MVR failed to record the audio in this case. (*Id.* at 31-32.)

Appellant has failed to prove any *Brady* violation. It is unclear why the audio component of the MVR failed. The Commonwealth does not have any audio recordings of the traffic stop in its possession. There is no evidence whatsoever that the MVR was tampered with; the failure to record the trooper's verbal interaction with appellant appears to have been the result of a technical malfunction. Furthermore, the trial court believed Trooper McDermott's testimony that he never made any racist comments as appellant alleged.

Appellant has also failed to demonstrate how the audio recording would be exculpatory. The undisputed facts are that appellant was stopped after the troopers observed multiple Vehicle Code violations. Appellant failed field sobriety tests and admitting drinking that night. Appellant exhibited classic symptoms of excessive alcohol consumption, including slurred speech and bloodshot eyes. Appellant's *Brady* claim fails.

Finally, we are constrained to vacate appellant's judgment of sentence and remand for resentencing in light of the recent United States Supreme Court case of ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160

(2016), which invalidates any criminal sanction assessed for refusing to submit to a blood test in the absence of a warrant. Appellant cannot be subject to enhanced criminal penalties for refusal to submit to a blood test. *See also Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa.Super. 2017) ("[P]ursuant to *Birchfield*, in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803-3804." (footnote omitted)); *Commonwealth v. Evans*, 153 A.3d 323 (Pa.Super. 2016) (vacating the judgment of sentence and remanding for a re-evaluation of the appellant's purported consent where the appellant only consented to the warrantless blood draw after being informed, by the police, that refusal to submit to the test could result in enhanced criminal penalties, in violation of *Birchfield*). Therefore, it is necessary to remand for resentencing without consideration of the mandatory minimum sentence in Section 3804(c).[10]

Appellant did not raise this issue on appeal and, in fact, explicitly agreed to waive the issue at sentencing. (Notes of testimony, 9/1/16 at

---

[10] As a first-time DUI offender, appellant would have faced a mandatory minimum term of 6 months' probation and a $300 fine. 75 Pa.C.S.A. § 3804(a)(1).

4.)[11] However, the issue goes to the legality of appellant's sentence, which is non-waivable. *See Commonwealth v. Barnes*, 151 A.3d 121, 127 (Pa. 2016) ("[W]here the mandatory minimum sentencing authority on which the sentencing court relied is rendered void on its face, and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal."); *Commonwealth v. Foster*, 17 A.3d 332, 345 (Pa. 2011) (plurality) ("[W]here a sentencing court is required to impose a mandatory minimum sentence, and that mandatory minimum sentence affects a trial court's traditional sentencing authority or the General Assembly's intent in fashioning punishment for criminal conduct, a defendant's challenge thereto sounds in legality of sentence and is therefore nonwaivable."). *See also Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa.Super. 2001), citing *Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000) (application of a mandatory sentencing provision implicates the legality of the sentence, not the discretionary aspects of the sentence). It is well settled that a defendant cannot agree to an illegal sentence, and that this court may raise issues pertaining to the legality of a defendant's sentence *sua sponte*. *See Commonwealth v. Gentry*, 101 A.3d 813, 819

---

[11] Even though appellant only had time served of 2 days, the trial court agreed to give him credit of 20 days in exchange for appellant agreeing not to raise the *Birchfield* issue on appeal. (Notes of testimony, 9/1/16 at 1-4.)

(Pa.Super. 2014) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence . . . ."); ***Commonwealth v. Snavely***, 982 A.2d 1244, 1246 (Pa.Super. 2009) ("Challenges to an illegal sentence cannot be waived and may be reviewed ***sua sponte*** by this Court." (citation omitted)).

Appellant's June 5, 2017 motion to file supplemental record on appeal is granted. Convictions affirmed. Judgment of sentence vacated. Remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/8/2017</u>